**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**OUMAR NZEYIMANA,**

    **Petitioner,**

    **v.**

**WILLIAM BARR,** *et al.***,**

    **Respondents.**

**CASE NO. 2:20-CV-2184
CHIEF JUDGE ALGENON L. MARBLEY
Magistrate Judge Chelsey M. Vascura**

## REPORT AND RECOMMENDATION

Petitioner, a citizen of Burundi, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and motion for injunctive and declaratory relief seeking his immediate release from the custody of Immigration and Customs Enforcement ("ICE"). He asserts that his continued detention violated *Zadvydas v. Davis*, 533 U.S. 678 (2001) and the Eighth Amendment due to the impact of COVID-19. However, the record reflects that, on September 1, 2020, Petitioner was removed from the United States to Burundi pursuant to his final removal order. (*Declaration of Luke Affholter*, ECF No. 13-3, PAGEID # 127-28; *Warrant of Removal/Deportation*, ECF No. 13-4, PAGEID # 129-30.) Thus, Petitioner no longer remains in federal custody. As a result, this Court lacks jurisdiction to grant relief.

### I.    DISCUSSION

Pursuant to 28 U.S.C. § 2241(a) a writ "of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." "Section 2241 affirmatively grants federal courts the power to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting § 2241(c)). The

United States Supreme Court has affirmed the jurisdiction of courts to consider habeas claims arising out of immigration detention. *See Ly v. Hansen*, 351 F.3d 263, 266 (6th Cir. 2003) (citing *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)). "Despite statutory restriction of court review regarding many immigration matters, a petition for writ of habeas corpus under section 2241 is appropriate for raising statutory and constitutional challenges to post-removal detention by the ICE." *Estenor v. Holder*, No. 1:11-cv-743, 2011 WL 5572596, at *2 (W.D. Mich. Oct. 24, 2011) (citing *Zadvydas*, 533 U.S. at 688; *Ly*, 351 F.3d at 266). *See also Jiang Lu* v. U.S. ICE, 22 F.Supp.3d 839, 841 (N.D. Ohio 2014) ("Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention unrelated to a final order of removal.") (citing *Demore v. Kim*, 538 U.S. 510, 517–18 (2003)).

Once a habeas petitioner has been released from custody, however, the Court must determine "whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III. § 2, of the Constitution." *Beiruti v. Clawson*, No. 1:08–cv–443, at *2 (W.D. Mich. Feb. 6, 2009) (quoting *Spencer v. Kemna*, 523 U.S. 1. 7 (1998)). In order to meet the case or controversy requirement, a petitioner who has been released from the detention challenged in the petition must establish some concrete and continuing injury or collateral consequences aside from the now-ended incarceration that can be addressed by the habeas corpus petition. *Id*. (citing *Spencer v. Kemna*, 523 U.S. at 7–8). The deportation of a habeas petitioner during the pendency of a habeas proceeding challenging the removal proceedings will deprive the district court of jurisdiction over the case unless the petition seeks relief from enduring and significant collateral consequences of the deportation, *Zundel v. Berrong*, 106 F. App'x 331, 334-35 (6th Cir. 2004) (citing *Spencer v. Kemna*, 523 U.S. at 7); *see also Ali v. I.N.S*. 2010 WL 3001901, at *2 (N.D. Ohio July 9, 2010) (no subject-matter

jurisdiction once a petitioner has been removed from the United States and seeks no relief based on collateral consequences). Even a notice that re-entry into the United States will be barred does not serve as a collateral consequence of deportation sufficient to support continued jurisdiction because the warning, without more, has "no relevant legal force." *Zundel v. Holder*, 687 F.3d 271, 278 (6th Cir. 2012) (quoting *United States v. Perez-Torres*, 15 F.3d 403, 406 (5th Cir. 1994)).

Here, Petitioner seeks release from his allegedly unlawful detention and does not allege any collateral consequences of his removal. The record reflects that Petitioner has been removed from the United States. In light of Petitioner's release from ICE detention and removal from the United States, the case no longer presents an actual case or controversy. *See Conteh v. United States Attorney General*, No. 2:17-cv-0958, 2018 WL 1587452 (S.D. Ohio Apr. 2, 2018). The Court therefore lacks subject-matter jurisdiction to consider the habeas corpus petition.

## II. DISPOSITION

For the reasons set forth above, it is **RECOMMENDED** that Respondent's Motion to Dismiss (ECF Nos. 10, 13) be **GRANTED** and that this action be **DISMISSED**. Petitioner's motions for declaratory and injunctive relief (ECF No. 5) are **DENIED** as moot.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

*/s/ Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE